## Borneman Estate

*Robert W. Tredinnick,* for accountant.

*Arthur E. Saylor,* for claimant.

TAXIS, P. J., February 4, 1970.—At the time of audit, the National Bank of Boyertown, Executor of the Estate of Mary B. Berky, Deceased, submitted its claim of $789.50, representing interest on five promissory notes by Mary B. Berky, sister of decedent. There was no provision for the rate of interest in the notes and, as a consequence, the creditor claims interest at the rate of six percent.

There is no dispute that if interest is, in fact, payable, the amount due is $789.50. The accountant contends, however, that interest is not due because the parties, by an agreement dated July 29, 1967, "modified or affected" the maturity date of these notes within the meaning of section 119 of article 3 of the

Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §3-119, as amended; that they matured only when the farm was sold; that the farm was sold on September 17, 1969, and the $5,000 loan was promptly paid on September 22, 1969. The agreement, in parts pertinent, reads as follows:

"Now this agreement witnesseth, that the said Mary B. Berky and Warren B. Borneman hereby agree that the said notes *shall be paid first from the proceeds of sale of his undivided one-half interest in a farm* of approximately 112 acres situate on Route 100, approximately one mile north of Bally, in Washington Township, Berks County, state aforesaid, *before any distribution made of said proceeds of sale.*" (Italics supplied.)

Article 3, sec. 119, of the Uniform Commercial Code provides, in part, as follows:

"(1) As between the obligator and his immediate obligee . . . the terms of an instrument may be modified or affected by any other written agreement executed as part of the same transaction . . ."

All five notes provided for a definite due date, i.e., "One Year after date I promise to pay." The agreement, the accountant argues, makes payment not "One Year after date," but dependent upon an event uncertain as to time of occurrence and, therefore, is not payable at a definite time but matures upon the occurrence of the event, in this case the sale of the farm.

A reading of this agreement indicates that not one word provides for the changing of the due dates nor waiver of interest. If such was the intention of the parties, the agreement fails in this regard. The agreement appears to the court clearly to indicate merely that the creditor was insisting upon preferential payment from a certain asset rather than a

changing of maturity dates or the waiving of interest. The court finds, therefore, that this agreement does not bar the claim of interest; that the claim for interest is meritorious and is, therefore, allowed and awarded. . . .